**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| PRISCILLA GADSDEN, | ) | |
| | ) | No. 4:12-cv-2530-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion for attorney's fees filed by claimant Priscilla Gadsden ("Gadsden") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Gadsden requests $4,364.76 in attorney's fees on the ground that she is a prevailing party under the EAJA. The Commissioner argues against the awarding of such fees and costs, asserting that her position was substantially justified.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Gadsden is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v.

Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").  "The government's position must be substantially justified in both fact and law."  Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).  "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees."  Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991); see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").  There is no presumption that losing the case means that the government's position was not substantially justified.  Crawford, 935 F.2d at 656.

In this case, the magistrate judge recommended that the ALJ erred in evaluating Gadsden's credibility because he failed "to address the issue of [Gadsden's] financial condition and the alleged impact of this on her failure to pursue medical treatment and obtain medical prescriptions or the gaps in treatment."  R&R 20.  On February 3, 2014, after the Commissioner filed objections to the report and recommendation ("R & R"), this court adopted the R&R in full and remanded the case for further administrative proceedings.  Order 8.

The court summarized the credibility analysis required under Fourth Circuit law, noting that "a claimant 'may not be penalized for failing to seek treatment that she cannot

afford.'"  Order 6 (citing <u>Lovejoy v. Heckler</u>, 790 F.2d 1114, 1117 (4th Cir. 1986)).  The

court cited <u>Lovejoy v. Heckler</u> for the proposition that "an ALJ should not discount a

claimant's subjective complaints on the basis of her failure to seek medical treatment

when she has asserted—and the record does not contradict—that she could not afford

such treatment."  <u>Id.</u> (citing <u>Lovejoy</u>, 790 F.2d at 1117).  The court remanded the case,

finding that the ALJ's analysis of Gadsden's credibility "both relies heavily on her

limited medical treatment history and fails to address whether she could afford to pay for

other medical treatment."  <u>Id.</u> at 8.

     The Commissioner asserts that her position was substantially justified because the

ALJ's credibility determination was still supported by substantial evidence despite his

error in relying on Gadsden's limited medical treatment history.  Def.'s Resp. 5.  She also

asserts that the ALJ's allegedly deficient credibility determination was not fatal to the

ALJ's ultimate finding that Gadsden was not disabled because he relied on medical

opinion evidence to support his decision.  <u>Id.</u>

     The court is not persuaded by the Commissioner's arguments.  It is well

established that "[t]he law in this circuit is that 'a claimant may not be penalized for

failing to seek treatment she cannot afford.'"  <u>Cagle v. Astrue</u>, No. 9:09-cv-3250, 2011

WL 322554, at *4 (D.S.C. Jan. 28, 2011) (citing <u>Lovejoy</u>, 790 F.2d at 1117).  Courts in

this district have consistently found remand necessary where the ALJ considered the

claimant's failure to seek treatment as a factor in the disability determination despite

evidence in the record of the claimant's inability to afford treatment.  <u>See, e.g.</u>,

<u>Brownlee-Nobs v. Colvin</u>, No. 1:14-cv-03988, 2015 WL 5908524, at *14 (D.S.C. Oct. 7,

2015) (remanding where ALJ "failed to make specific findings regarding the resources

available to Plaintiff and whether her failure to seek additional treatment and medication was based upon her inability to pay"); Dozier v. Colvin, No. 1:14-cv-00029, 2015 WL 4726949, at *4 (D.S.C. Aug. 10, 2015) (remanding where "the ALJ did not include specific factual findings regarding the resources available to [claimant] and whether her failure to seek additional medical treatment was based upon her alleged inability to pay"); Hagerman v. Colvin, No. 9:13-cv-1709, 2015 WL 300265, at *5 (D.S.C. Jan. 22, 2015) (remanding where the ALJ failed to determine if claimant's lack of medical treatment was the result of her inability to afford such treatment).

Given that the well-established law on this issue, the court finds that the Commissioner has not met her burden of showing that her position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Gadsden's motion and awards fees in the amount of $4,364.76.[1]

**AND IT IS SO ORDERED**.

---

[1] Gadsden seeks an award of $4,364.76 based on 2.90 attorney work hours at a rate of $177.91 per hour in 2011, 18.70 attorney work hours at a rate of $184.76 per hour in 2013, and 2.10 attorney work hours at a rate of $187.53 per hour in 2013. See Pl.'s Mot. Ex. 2. This rate is based on the statutory rate plus a cost of living increase pursuant to the Consumer Price Index. Id. The Fourth Circuit has noted that the CPI is an appropriate tool to utilize in calculating a cost of living rate adjustment to a statutory fee. See generally Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992). The Commissioner does not object to the amount requested by plaintiff. Accordingly, the court finds the amount requested is reasonable. Although Gadsden has executed an affidavit that assigns her fee award to her attorney, the EAJA requires attorney's fees to be awarded directly to the litigant. Astrue v. Ratliff, 560 U.S. 586, 594 (2010) ("EAJA fees are payable to litigants."); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) ("[T]he plain language of the EAJA provides that attorney's fees are payable to the prevailing party-in this case the Social Security claimants-and not the attorney."). This court has held that EAJA fees are payable to a plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See, e.g.,Whites v. Astrue, No. 8:10-cv-3302, 2012 WL 5867149, at *2 n.1 (D.S.C. Nov. 19, 2012). The court therefore grants attorney's fees to Gadsden, not her attorney, in the amount of $4,364.76.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 4, 2015**
**Charleston, South Carolina**